Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001348
09-FEB-2015
08:48 AM

NO. CAAP-14-0001348

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CSFB HOME EQUITY ASSET TRUST 2007-1, Plaintiff-Appellee, v.
JOSE CARDENAS DINGLE, JR.; MARIA CECILIA TERRADO DINGLE,
Defendants-Appellants, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., Defendant-Appellee, and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-1L UNITS 1-10,
and DOE GOVERNMENTAL UNITS 1-10, Defendants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1387)

ORDER GRANTING JANUARY 14, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) the January 14, 2015 motion to dismiss appeal for lack of appellate jurisdiction (Motion) filed by Plaintiff-Appellee US Bank National Association as Trustee for CSFB Home Equity Asset Trust 2007-1 (Appellee US Bank National Association), (2) the lack of any memorandum in opposition to Appellee US Bank National Association's Motion, and (3) the record, it appears that we do not have appellate jurisdiction over this appeal that Defendants-Appellants Jose Cardenas Dingle, Jr. And Maria Cecilia Terrado Dingle (the Dingle Appellants) have asserted from the Honorable Randal B. Valenciano's November 5, 2014 judgment on a decree of foreclosure, because the Dingle Appellants's December 8, 2014 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

The November 5, 2014 judgment on a decree of foreclosure is an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2014). However, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The Dingle Appellants did not file their December 8, 2014 notice of appeal within thirty days after entry of the November 5, 2014 judgment on a decree of foreclosure. Therefore, The Dingle Appellants' December 8, 2014 notice of appeal is untimely under HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction over this case.

Therefore, IT IS HEREBY ORDERED that Appellee US Bank National Association's January 14, 2015 motion to dismiss appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0001348 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 9, 2015.

Presiding Judge

Associate Judge

Associate Judge

-2-